IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| YOLANDA L. CAISON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 5:22-cv-00013 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| THERMO FISHER SCIENTIFIC, | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff Yolanda Caison alleges claims of race discrimination and retaliation in violation of Title VII against her former employer, Thermo Fisher Scientific. Thermo Fisher moves to dismiss the complaint as untimely filed. (Dkt. No. 11.) Thermo Fisher's timeliness argument is based on a signature defect on the complaint, but as the court discusses below, plaintiff corrected that defect pursuant to Rule 11 of the Federal Rules of Civil Procedure. Therefore, the motion to dismiss will be denied.

I.  BACKGROUND

**A.  Plaintiff's Allegations**

Plaintiff, who is African American, was hired by defendant in 2014. (Am. Compl. ¶¶ 14, 40, Dkt. No. 8.) Plaintiff alleges that during her employment, she was denied training opportunities that were afforded to her white co-workers. (*See id.* ¶¶ 11–13.) Plaintiff also alleges that various racist comments were made to her by her co-workers. (*See id.* ¶ 23 ("Plaintiff was denied the opportunity to train another employee because she was informed that she was too 'ghetto.'"); ¶ 46 ("She was compared to a dog, told she loved watermelon like a dog, and was [told] she must have rubbed off on the boxes because something black got on them.").)

In April 2021, plaintiff was questioned about an investigation involving a white female

employee who had quit. (*Id.* ¶¶ 15–17.) Plaintiff stated that she knew nothing about the situation. Plaintiff was told to return to work, but then was told to go home and not return until the investigation was concluded. (*Id.* ¶¶ 18–19.) Plaintiff was terminated on April 27, 2021. (*Id.* ¶ 20.) Thermo Fisher did not tell plaintiff why she was fired. (*Id.* ¶ 21.)

Plaintiff alleges that defendant violated Title VII by denying her opportunities for training and terminating her because of her race. (*Id.* ¶¶ 20, 38–51.) In addition, plaintiff alleges that defendant retaliated against her for participating in protected activity. (*Id.* ¶¶ 52–57.)

**B. Procedural Background**

Plaintiff filed a discrimination charge with the EEOC on October 25, 2021. (*Id.* ¶ 6.) The EEOC issued a Dismissal and Notice of Rights, known as the right-to-sue letter, seven days later on November 1. (Def. Ex. 1, Dkt. No. 12-1.) The notice was made available to the parties for viewing on an online portal the same day. (Def. Exs. 2, 3, Dkt. Nos. 12-2, 12-3.)

This action was originally filed in the Eastern District of Virginia on January 31, 2022. (Dkt. No. 1.) The complaint and civil cover sheet were signed by Charles Tucker, Jr.. (Def. Ex. 6, Dkt. No. 12-6.) Tucker is not a Virginia State Bar member. On February 1, the court asked plaintiff's counsel to resubmit, by email, the original complaint and civil cover sheet with corrected signatures, and to file the proposed summons as a separate docket entry. (Pl. Ex. 4, Dkt. No. 20-4.) Plaintiff's counsel was told that the complaint "must be signed . . . and filed by local, admitted counsel. Counsel outside of the state must file a motion to appear pro hac vice, which would be filed by local, admitted counsel who is sponsoring outside counsel as laid out in Local Civil Rule 83.1." (*Id.*) Plaintiff corrected the error on February 2, 2022, by submitting the original complaint and civil cover sheet signed by Alexander L. Taylor, Jr., who is a member of the Virginia State Bar.

On February 4, 2022, the court issued an order requiring briefing on venue. (Dkt. No. 4.) Plaintiff then filed a motion to transfer to this judicial district (Dkt. No. 5), which was granted on March 3 (Dkt. No. 6). Plaintiff filed an amended complaint on April 4. (Dkt. No. 8.)

Defendant moved to dismiss on May 2, 2022. Plaintiff did not file a timely response, but the court granted plaintiff leave to file her response out of time. (Dkt. No. 27.) Defendant filed a reply on October 10. (Dkt. No. 29.)

## II.  ANALYSIS

### A.  Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint, and the court must accept all allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, a court may consider documents referenced by a plaintiff in the complaint and attached to a motion to dismiss, such as a right-to-sue letter from the EEOC, without converting a motion to dismiss into a summary judgment motion. *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *Holowecki v. Fed. Express Corp.*, 440 F.3d 558, 565–66 (2d Cir. 2006).

### B.  Timeliness

Title VII requires that a plaintiff file any lawsuit within ninety days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). The ninety-day period operates like a statute of limitations, and "[a] claimant who fails to file a complaint within the ninety-day

3

statutory time period . . . generally forfeits the right to pursue" their claims. *Mann v. Standard Motor Prods., Inc.*, 532 F. App'x 417, 418 (4th Cir. 2013).

Defendant argues that the complaint is untimely because the original complaint, filed in the Eastern District of Virginia by Mr. Tucker, is a legal nullity. Defendant cites a local rule providing that "[a]ny counsel presenting papers, suits, or pleadings for filing, or making an appearance, must be members of the bar of this Court, or must have counsel who are members of the bar of this Court to join in the pleading by endorsement. . . ." E.D. Va. L. Civ. R. 83.1(F). The same local rules require Virginia State Bar membership to sign an initial pleading. E.D. Va. L. Civ. R. 83.1(A); 83.1(D)(3). Tucker is not a member of the Virginia State Bar. With the original complaint—filed on January 31, 2022—being a nullity, the complaint filed on February 2 should be the operative complaint for purposes of analyzing timeliness. Since this complaint was filed more than ninety days after the issuance of the right to sue letter, defendant argues that the complaint should be dismissed as untimely.

Defendant's argument, however, disregards Rule 11 of the Federal Rules of Civil Procedure. Plaintiff corrected the first complaint in accordance with Rule 11, which provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented . . . . The court must strike an unsigned paper *unless the omission is promptly corrected* after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a) (emphasis added). Plaintiff promptly corrected the signature error one day after being notified. Therefore, the complaint can be deemed timely filed as of January 31, 2022.

Defendant cites cases stating that defective pleadings are considered legal nullities, such as a complaint signed by a lay person or a pleading signed by a corporate agent for a corporation.

4

*See, e.g.*, *Umstead v. Chase Manhattan Mortg. Corp.*, No. 7:04CV00747, 2005 WL 2233554, at *2 (W.D. Va. Sept. 13, 2005) ("It follows from the rule prohibiting lay representation that any pleadings filed through lay representation must be disregarded as a nullity."). Those cases do not address this situation, where a complaint signed by the wrong person is promptly corrected. To the extent that the local rules of the Eastern District of Virginia might suggest a different outcome, those rules must be read to be consistent with, and not in conflict with, the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 83(a) ("A local rule must be consistent with—but not duplicate—federal statutes and rules adopted under 28 U.S.C. §§ 2072 and 2075, . . .") But the rules do not conflict. The requirement that a pleading be signed by an attorney licensed in Virginia is completely consistent with Rule 11's allowance for unsigned pleadings to be promptly corrected. *See, e.g.*, *Jamison v. Long*, No. 5:19-cv-00457-TES-MSH, 2021 WL 3702488, at *6 (M.D. Ga. May 27, 2021) (recommending that pro se motion for leave to amend be granted because "while Plaintiff's amended complaint is not signed as required by [Rule 11], the Supreme Court has held that where a pro se litigant fails to satisfy Rule 11's signature requirement, he may promptly cure the defect such that the signed document relates back to the date of the original filing," which is "consistent with Rule 11's provision that the omission of a signature could be corrected promptly after being called to the attention of the party") (citing and discussing *Becker v. Montgomery*, 532 U.S. 757, 760 (2001)), report and recommendation adopted by *Jamison v. Long*, 2021 WL 2936132 (M.D. Ga. July 13, 2021); *Jarrell v. Thompson*, CASE NO. 4:18-CV-00186-CDL-MSH, 2019 WL 2203129, at *2 (M.D. Ga. Apr. 24, 2019) (recommending that pro se motion for leave to amend be granted for the same reasons), report and recommendation adopted by *Jarrell v. Thompson*, 2019 WL 2203117 (M.D. Ga. May 21,

2019);1 *cf. United States v. Kasuboski*, 834 F.2d 1345, 1348–49 (7th Cir. 1987) (denying motion to strike unsigned motion that was corrected within three days under Rule 11).

Finally, defendant also argues that Rule 11(a)'s correction provision does not apply because it states that *unsigned* papers can be corrected, not papers that were signed by someone without authority to sign. The court sees this as a distinction without a difference. A paper that, due to the application of another rule, is considered invalid because of a wrong signature can be considered unsigned under Rule 11.

### III.  CONCLUSION

For the foregoing reasons, the court will deny defendant's motion to dismiss. The court will issue an appropriate order.

Entered: October 17, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

---

1 Rule 11 applies equally to corrections made by represented and pro se parties.