IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| YOLANDA L. CAISON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 5:22-cv-00013 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| THERMO FISHER SCIENTIFIC, | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff Yolanda Caison alleges claims of race discrimination and retaliation in violation of Title VII against her former employer, Thermo Fisher Scientific. Thermo Fisher moves for judgment on the pleadings. (Dkt. No. 34.) For the reasons stated below, Thermo Fisher's motion will be granted in part and denied in part.

I. BACKGROUND

**A. Caison's Allegations**

Caison, who is African American, was hired by defendant as a Fill Labor Pack in 2014. (Am. Compl. ¶¶ 10, 14, 40, Dkt. No. 8.) She alleges that during her employment, she was denied training opportunities that were afforded to her white co-workers. (*See id.* ¶¶ 11–13.) She also alleges that her co-workers made various racist comments to her. (*See id.* ¶ 23 ("Plaintiff was denied the opportunity to train another employee because she was informed that she was too 'ghetto.'"); ¶ 46 ("She was compared to a dog, told she loved watermelon like a dog, and was [told] she must have rubbed off on the boxes because something black got on them.").)

In April 2021, Caison was questioned about an investigation involving a white female employee who had quit. (*Id.* ¶¶ 15–17.) Caison told Thermo Fisher that she knew nothing about the situation. She was told to return to work, but then was told to go home and not return until

the investigation concluded. (*Id.* ¶¶ 18–19.) Thermo Fisher terminated Caison on April 27, 2021. (*Id.* ¶ 20), but it did not tell Caison why she was fired. (*Id.* ¶ 21.)

Caison alleges that Thermo Fisher violated Title VII by denying her opportunities for training and terminating her because of her race. (*Id.* ¶¶ 20, 38–51.) In addition, she alleges that she was fired for her participation in protected activity. (*Id.* ¶¶ 52–57.)

## B.  EEOC Charge

Caison filed a discrimination charge with the EEOC on October 25, 2021. (*Id.* ¶ 6; Answer ¶ 6, Dkt. Nos. 32, 32-1.) She alleged as follows:

> On October of 2014, I was hired by ThermoFisher as a Fill Labor pack. On November 6, 2017, I was given the position of Operator I Manufacturing (Vista). At my last position my coworkers would make me do thing that they did not want to do, and I was not properly train[ed]. I complained to my supervisor that no one would train me or help me. On April 13, 2021, the line was shut down due to a blockage and I was waiting for someone to come and fix the error message on the machine. I was brought into the office pending an investigation and to [sic] why a Caucasian female went home and quit, I was not aware of what happen[ed] and was sent home and could not return to work pending the investigation. On April 19, 2021, I went back to work and my Supervisor advised me to work a line until he finds out what was going on. My Manager advised me to go home and wait for Human Resources to call me. On April 27, 2021, Human Resources call[ed] me to advise that I was discharge[d].
>
> There was no reason given to me for my discharge.
>
> I believe that I was denied training, discharged and retaliated against because of my race (Black) in violation of Title VII of the Civil Rights Act of 1964, as amended.

(*Id.*)

## C.  Procedural Background

This action was originally filed in the Eastern District of Virginia on January 31, 2022,

but venue was transferred to this district. (Dkt. No. 6.) Caison filed an amended complaint on April 4, 2022 (Dkt. No. 8), and the matter is before the court on Thermo Fisher's motion for judgment on the pleadings.

## II.  ANALYSIS

### A.  Judgment on the Pleadings

"A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standards as a motion to dismiss under Rule 12(b)(6)." *Occupy Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Therefore, under Rule 12(c), a claim must be dismissed when a claimant's allegations fail to set forth a set of facts which, if true, would entitle the claimant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible to survive a motion to dismiss). When considering a motion for judgment on the pleadings, as with a motion to dismiss, the court is "obliged to accept the complaint's factual allegations as true and draw all reasonable inferences in favor of the plaintiffs." *Feminist Majority Found. v. Hurley*, 911 F.3d 674, 685 (4th Cir. 2018). "However, the court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Monroe v. City of Charlottesville, Va.*, 579 F.3d 380, 385–86 (4th Cir. 2009) (internal quotations and alteration omitted).

### B.  Count One: Disparate Treatment

A prima facie case of disparate treatment has the following elements: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class or other

3

circumstances that raise an inference of unlawful discrimination. *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). Thermo Fisher argues that plaintiff failed to allege facts supporting the second and fourth elements.

Regarding satisfactory job performance, Thermo Fisher highlights Caison's allegation that she was denied the appropriate training to be successful in her position, (Am. Compl. ¶ 11), arguing that the court must infer by this that she was not successful in her position. Caison also alleges that she was "repeatedly reprimanded for fixable errors." (*Id.* ¶ 42.) The court rejects this argument because at the pleading stage, the court must draw all reasonable inferences in favor of the plaintiff. Here, Thermo Fisher asks the court to do the opposite.

As for similarly situated employees, Caison alleges that Thermo Fisher did not provide her with certain training opportunities but did provide similarly situated white employees with numerous opportunities for training, and routinely trained similarly situated employees who were not African American. (*Id.* ¶¶ 11–13, 39–40.) Also, defendant was instructed to "work boxes" for a month, while similarly situated white employees were allowed to rotate between various duties. (*Id.* ¶¶ 24–28, 45.) Thermo Fisher argues that this pleading is insufficient because Caison must be considered "similar in all relevant respects to their comparator." *Haywood v. Locke*, 387 F. App'x 355, 359 (4th Cir. 2010). Thermo Fisher cites *Yin v. CTI Consultants, Inc.*, Civil Action No. 3:17cv296, 2018 WL 1569486, at *7 (E.D. Va. Mar. 30, 2018), where the court dismissed a complaint for failure to state a claim because the "allegation that these employees were 'similarly situated' constitutes merely a 'formulaic recitation of [an] element[] of a cause of action.'" (quoting *Twombly*, 550 U.S. at 555) (alteration in original). Further, the *Yin* court found that using the general phrase "Caucasian employees" constituted a "general group" that was "too broad to amount to comparators" because "[s]uch broad groupings fail to show that the

employees . . . dealt with the same supervisor, were subject to the same standards and engaged in the same conduct." *Id.* (internal quotations omitted).

The court agrees with Thermo Fisher that Caison's allegations concerning similarly situated employees are somewhat lacking. However, Caison can also satisfy this prong with evidence of other circumstances giving rise to an inference of discrimination. *See Gindi v. Strategic Outsourcing, Inc.*, C/A No. 0:12-1215-JFA-SVH, 2012 WL 7761543, at *4 (D.S.C. Nov. 15, 2012) (explaining that "the prima facie elements in a Title VII discrimination case may vary depending on the factual situation, but the critical issue with respect to the fourth element is whether Plaintiff demonstrated that the adverse employment action occurred 'under circumstances which give rise to an inference of unlawful discrimination'") (quoting *EEOC v. Sears Roebuck & Co.*, 243 F.3d 846, 851 (4th Cir. 2001)). In the court's view, plaintiff's allegations that she was subjected to various racial slurs gives rise to such an inference. *See, e.g.*, *Rogers v. Republic Servs., Inc.*, CASE NO. C18-1339-MJP, 2018 WL 6630041, at *4 (W.D. Wash. Dec. 19, 2018) (noting that "evidence of 'other circumstances' (i.e., the alleged repeated use of racial slurs by his superiors) may be sufficient" to raise an inference of discrimination). While many of the alleged slurs were made by co-workers, Caison alleges that she was "denied the opportunity to train another employee because she was informed that she was too 'ghetto.'" (Am. Compl. ¶ 23.) This allegation suggests that the "ghetto" slur was made by someone in a position of authority over Caison who could deny her a workplace opportunity. Again, drawing all reasonable inference in plaintiff's favor, the court finds that she has stated an actionable disparate impact claim.

**C. Timeliness**

Thermo Fisher also argues that a portion of Caison's claims are time-barred. "[A]n

employee challenging an employment practice of an employer in Virginia has 300 days from the last date of alleged discrimination to file a charge with the EEOC." *Edwards v. Murphy-Brown, LLC*, 760 F. Supp. 2d 607, 619 (E.D. Va. 2011) (citing *Edelman v. Lynchburg Coll.*, 300 F.3d 400, 404 (4th Cir. 2002)). Thus, claims involving discriminatory conduct that did not occur within 300 days before filing of the charge are untimely. *Gill v. TBG Food Acquisition Corp.*, Civil Action No. 7:19CV00479, 2020 WL 3869569, at *4 (W.D. Va. July 9, 2020) (citing *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 207 (4th Cir. 2019)).

Caison filed her charge on October 25, 2021. The only dates provided in the amended complaint are April 27, 2021, (when plaintiff was fired) and an unspecified date in April 2021 (when there was a shutdown at defendant's facility). (Am. Compl. ¶¶ 15, 20.) Thus, defendant argues that none of the other allegations in the complaint are actionable because it is not reasonable to infer that they occurred within the applicable 300-day time frame. This argument once again turns the applicable standard for judgment on the pleadings on its head by drawing all reasonable inferences in favor of the moving party instead of the nonmoving party. Plaintiff's allegation about the April 2021 line shutdown in paragraph 15 prefaces the bulk of the substantive allegations in the complaint. Thus, it is reasonable to infer that the actions described in the amended complaint occurred within applicable 300-day time frame, even if not every allegation of an incident has a specific date. Therefore, the court will not dismiss any portion of Caison's claim based on timeliness.[1]

---

[1] In her opposition, plaintiff cites the continuing violation doctrine, arguing that she "does not concede that the actions alleged occurred outside the 300-day scope" but "offers this argument as a hypothetical to note that the claims may be considered if it is found that the claims occurred outside of the 300-day period." (Dkt. No. 38 at 5.) The court does not rely on the continuing violation doctrine in its partial denial of defendant's motion. *See Hill v. Hampstead Lester Morton Ct. Partners LP*, 581 F. App'x 178, 181 (4th Cir. 2014) (explaining that the continuing violation doctrine applies to "claims based upon a defendant's ongoing policy or pattern of discrimination rather than discrete acts of discrimination").

**D. Count Two: Retaliation**

Thermo Fisher argues that Caison's retaliation claim should be dismissed because the amended complaint fails to allege that Caison engaged in protected activity. Caison offers no response to this argument. Thus, it appears that Caison has abandoned her retaliation claim, and the court will dismiss it. *See United Supreme Council v. United Supreme Council of the Ancient Accepted Scottish Rite for the 33 Degree of Freemasonry*, 329 F. Supp. 3d 283, 292 (E.D. Va. 2018), *aff'd*, 792 F. App'x 249 (4th Cir. 2019) ("Failure to respond to an argument made in a dispositive pleading results in a concession of that claim."). Even if Caison did not intend to abandon the claim, the amended complaint lacks sufficient allegations to state a claim of retaliation. Because it is essentially a pleading deficiency, the court will dismiss the claim without prejudice.

### III. CONCLUSION

For the reasons stated in this memorandum opinion, the court will grant defendant's motion for judgment on the pleadings as to plaintiff's retaliation claim but will deny defendant's motion as to plaintiff's disparate treatment claim. The court will issue an appropriate order.

Entered: September 12, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge